**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARY GOSSARD,**<br>102 Fort Point Road<br>Centreville, MD 21617<br><br>       Plaintiff,<br><br>*v.*<br><br>**CITY SEGWAY TOURS OF<br>WASHINGTON, D.C.,**<br>502 23rd Street, NW<br>Washington, DC 20037<br><br>    ***Serve:***<br>    CT Corporation Systems<br>    1015 15th Street, NW<br>    Suite 1000<br>    Washington, DC 20005<br><br><br>    Defendant. | Case No. |

**COMPLAINT**

***COMES NOW,*** Plaintiff Mary Gossard, by and through the undersigned counsel, and files this Complaint, and for this cause of action states:

**JURISDICTION**

1.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1346 and by virtue of the fact that all acts and omissions complained of occurred within the District of Columbia.

2.      Venue lies in this Court pursuant to 28 U.S.C. § 1402 since the occurrence which gave rise to the cause of action arose in the District of Columbia.

**PARTIES**

3.      Plaintiff Mary Gossard (hereinafter "Plaintiff") is and, at all times relevant hereto, was an adult resident of the State of Maryland.

4.      Defendant City Segway Tours of Washington D.C., LLC (hereinafter "Defendant") is and, at all times relevant hereto, was a foreign company incorporated in the State of Delaware and doing business in the District of Columbia.

## BACKGROUND

5.      On May 29, 2015, Plaintiff and her husband were travelled to the District of Columbia.

6.      Prior to May 29, 2015, Plaintiff and her husband purchased tickets to take a tour of the city from Defendant.

7.      Defendant advertised its tours as being conducted on Segway machines.

8.      Defendant further advertised that prior to conducting the tour, all patrons would be given instruction on how to properly use a Segway machine.

9.      On May 29, 2015, Plaintiff arrived at the Defendant's location approximately 45 minutes before the scheduled tour and asked if there were any documents that she needed to sign. The staff refused to provide them to her at her request.

10.     After waiting approximately 45 minutes for her tour to start, just as the instructor directed the group to go outside, a staff member handed her a document to sign and forced her to sign it before allowing her to go out to the tour.

11.     The group of approximately 8 individuals then exited the building and underwent an approximate 10-minute instruction on how to operate a Segway.

12.     The instruction consisted of only 2-3 minutes of hands-on instruction of the Segway by each member of the group before they ventured out.

13.     Soon after the tour started, Plaintiff attempted to dismount the Segway when the Segway spun out of control, threw her to the ground, and then landed on top of her.

14.     As Plaintiff laid on the ground, the Segway wheels continued to operate and grind her right calf to the point that she suffered second and third degree burns, as well as an injury to her right wrist.

15.     At all times during the operation of the Segway, Plaintiff was exercising due care and caution.

16.     Plaintiff was taken by EMS personnel to George Washington University Hospital.

17.     Plaintiff then began to seek follow up care with Dr. Goldberg, a plastic surgeon at University of Maryland at Chester River Medical Center to attend to her burns; Anderw Cumiskey, M.D., an orthopaedic surgeon from University of Maryland at Chester River Medical Center who diagnosed an injury to her tendon; and Thomas Stauch, M.D., a hand specialist with Shore Memorial Hospital; as well as other various healthcare providers.

18.     Plaintiff continues to undergo treatment for her injuries.

19.     Plaintiff has and will continue to incur economic damages and non-economic damages as a result of her injuries.

20.     Upon information and belief, Defendant maintains, now and at the time of the incident in question, policies and procedures that require among other things that its staff to inspect each Segway before utilizing them in their tour; that it's staff intentionally avoid making the customers aware of all of the dangers involved with the machines; that acknowledge that it is Defendant's responsibility to make sure every customer has a safe tour; that acknowledges that nearly every incident that occurs is preventable; that acknowledges that it is the duty of the instructors to make sure individuals do not become overly comfortable with the machines; and that

even if the company believes a pattern of unsafe guiding has developed, any such tour guide will receive multiple warnings before being terminated and will therefore be allowed to continue to lead unsafe tours.

## COUNT I
### (Negligence)

21.     Plaintiff incorporates by reference herein all preceding paragraphs.

22.     Defendant and its agents, servants, and employees owed a duty of care to Plaintiff including but not limited to instruct, educate, and guide Plaintiff in the use of the Segway machine.

23.     Defendant and its agents, servants, and employees either did not possess the appropriate knowledge or failed to abide by their duties to Plaintiff in the following ways:

    a.  Failure to instruct Plaintiff;

    b.  Failure to provide competent instructors to instruct, educate, and guide Plaintiff;

    c.  Failure to provide a reasonably safe area to instruct Plaintiff;

    d.  Failure to provide Plaintiff with the appropriate information and knowledge required to operate a Segway;

    e.  Failure to appropriate instruct, educate, and guide Plaintiff in the use of the Segway;

    f.  Failure to provide the Segway Manual to Plaintiff in advance of her use of the machine;

    g.  Failure to properly inspect the equipment and provide a Segway machine that was in proper working condition;

    h.  Failure to provide the appropriate safety precautions identified in the Segway Manual for safe use of Segway including but not limited to:

        i.  Providing the manuals including the Getting Started Manual, Reference Manual and Safety Video to Plaintiff to read and educate herself;

4

      ii.  Providing spotter; and

     iii.  Requiring Plaintiff to read the manuals.

  i.  Negligence *per se*.

  j.  Being otherwise negligent.

24.     Plaintiff also asserts the doctrines of actual and apparent agency, *res ipsa loquitur*, and *respondeat superior*

25.     As a direct and proximate result of the alleged negligence, Plaintiff has and will continue to suffer economic and non-economic damages including but not limited to serious and disabling damage to her body, including but not limited to, damage to her leg, ankle, lower arm, and wrist; she has in the past and will in the future incur medical, healthcare, and other expenses, including but not limited to radiology studies, surgery, physical therapy, and other health related expenses; she suffered and will continue to suffer pain, suffering, emotional distress, embarrassment, humiliation and disfigurement, all of which is permanent.

## COUNT II
**(Gross Negligence)**

26.     Plaintiff incorporates by reference herein all preceding paragraphs.

27.     Defendant and its agents, servants, and employees owed a duty of care to Plaintiff including but not limited to instruct, educate, and guide Plaintiff in the use of the Segway machine.

28.     Defendant and its agents, servants, and employees knowingly, recklessly, and wantonly either did not possess the appropriate knowledge or failed to abide by their duties to Plaintiff in the following ways:

  a.  Failure to instruct Plaintiff;

  b.  Failure to provide competent instructors to instruct, educate, and guide Plaintiff;

  c.  Failure to provide a reasonably safe area to instruct Plaintiff;

d.  Failure to provide Plaintiff with the appropriate information and knowledge required to operate a Segway;

e.  Failure to appropriate instruct, educate, and guide Plaintiff in the use of the Segway;

f.  Failure to provide the Segway Manual to Plaintiff in advance of her use of the machine;

g.  Failure to properly inspect the equipment and provide a Segway machine that was in proper working condition;

h.  Failure to provide the appropriate safety precautions identified in the Segway Manual for safe use of Segway including but not limited to:

    i.  Providing the manuals including the Getting Started Manual, Reference Manual and Safety Video to Plaintiff to read and educate herself;

    ii.  Providing spotter; and

    iii.  Requiring Plaintiff to read the manuals.

i.  Negligence *per se.*

j.  Being otherwise negligent.

29.  Plaintiff also asserts the doctrines of actual and apparent agency, *res ipsa loquitur*, and *respondeat superior*

30.  As a direct and proximate result of the alleged gross negligence, Plaintiff has and will continue to suffer economic and non-economic damages including but not limited to serious and disabling damage to her body, including but not limited to, damage to her leg, ankle, lower arm, and wrist; she has in the past and will in the future incur medical, healthcare, and other expenses, including but not limited to radiology studies, surgery, physical therapy, and other health

related expenses; she suffered and will continue to suffer pain, suffering, emotional distress, embarrassment, humiliation and disfigurement, all of which is permanent.

**WHEREFORE**, Plaintiff Mary Gossard demands judgment against Defendant in an amount to be determined at trial but believed to be in excess of one hundred thousand dollars ($100,000.00) in damages, plus costs of this suit, and such other and further relief as this Court deems just and proper.

Dated: 3/8/17

Respectfully submitted,

PAULSON & NACE, PLLC

Matthew A. Nace, Bar No. 1011968
1615 New Hampshire Ave., NW
Washington, DC 20009
202-463-1999 – Telephone
202-223-6824 – Facsimile
man@paulsonandnace.com
*Counsel for Plaintiff*

### Jury Demand

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the District of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

Matthew A. Nace