**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARY GOSSARD**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY SEGWAY TOURS OF WASHINGTON, D.C.**, <br><br> Defendant. | Case No. 17-cv-416 (CRC) |

**OPINON AND ORDER**

Mary Gossard was injured while taking part in a Segway tour operated by Defendant City Segway Tours of Washington, D.C. Pl.'s Compl. ¶¶ 13–14. She brought suit against City Segway in this Court pursuant to diversity jurisdiction, alleging that City Segway's negligence and gross negligence caused her injuries. Id. ¶¶ 21-30. City Segway moved to dismiss Gossard's gross negligence claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Def.'s Partial Mot. Dismiss. Because Gossard's complaint alleges sufficient facts to state a claim for gross negligence, the Court will deny City Segway's motion.

Dismissal under Rule 12(b)(6) is appropriate "only if, after construing the complaint liberally in [Gossard's] favor and granting [Gossard] the benefit of all reasonable inferences to be derived from the facts alleged, [s]he could prove no set of facts in support of [her] claim that would entitled [her] to relief." Henthorn v. Dep't of the Navy, 29 F.3d 682, 684 (D.C. Cir. 1994). Under District of Columbia law, gross negligence "requires such an extreme deviation from the ordinary standard of care as to support a finding of wanton, willful, and reckless disregard or conscious indifference for the rights and safety of others." District of Columbia v.

Walker, 689 A.2d 40, 44 (D.C. 1997); see also District of Columbia v. Hawkins, 782 A.2d 293, 300 (D.C. 2001).

City Segway contends that Gossard's complaint fails to sufficiently allege facts that give rise to an inference of an "extreme deviation from the ordinary standard of care," Walker, 689 A.2d at 44. But piecing together the allegations in the complaint and drawing all reasonable inferences therefrom—as this Court is required to do at this stage—Gossard's complaint sufficiently states a claim for gross negligence. Gossard claims that City Segway told its staff to "intentionally avoid making the customers aware of all of the dangers involved with the machines" and that it knowingly "allowed" tour guides with "a pattern of unsafe guiding" to "continue to lead unsafe tours." Pl.'s Compl. ¶ 20. It is certainly possible that intentionally concealing obvious risks from customers or knowingly allowing patently unsafe tour guides to continue leading tours could amount to gross negligence. In so concluding, however, this Court is expressing no view as to whether the allegations herein along with any supporting evidence would suffice to survive summary judgment.

For the foregoing reasons, it is hereby

**ORDERED** that [6] Defendant's Partial Motion to Dismiss is DENIED.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: September 8, 2017